25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Garnett LEWLESS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1581.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1994.
 
 Before BOGGS and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Garnett Lewless appeals the district court's grant of summary judgment to the Secretary denying her claim for supplemental security income (SSI). Two issues are raised on appeal: (1) whether the Secretary timely filed objections to the magistrate judge's report and recommendation; and (2) whether the Secretary's decision is supported by substantial evidence. For reasons stated hereafter, we affirm.
 
 I. Background
 
 2
 Lewless applied for SSI on May 20, 1987, alleging she became disabled on June 2, 1984, due to a deteriorating disc disease. Her claim was denied through the administrative process. Upon judicial review of her SSI claim, the district court remanded the case to the Secretary for further findings. The administrative law judge (ALJ) again denied her claim, finding that although she had degenerative disc disease, herniated discs in the cervical and lumbar spine, and gastritis, she did not have an impairment that met or equalled the listing of impairments found in 20 C.F.R. Part 404, subpt. P, App. 1. The ALJ further found that Lewless's subjective complaints were not entirely credible and that she retained the residual functional capacity to perform sedentary work that does not involve lifting more than 10 pounds, prolonged standing or walking, climbing, stooping, crouching, or production-line type use of the upper extremities. He added that she must work in a non-hazardous environment and be provided with a sit/stand option. The Appeals Council denied Lewless's request for review.
 
 
 3
 Lewless again sought judicial review. After the parties filed cross-motions for summary judgment, a magistrate judge recommended that Lewless's motion be granted, and that the case be remanded to the Secretary for a computation of benefits. The Secretary filed objections to the magistrate judge's report and recommendation, arguing that he improperly re-weighed the evidence and substituted his credibility findings for those made by the ALJ. The district court rejected the report and recommendation and granted the Secretary's motion for summary judgment, finding there was substantial evidence in the record to support the Secretary's finding that Lewless retained the residual functional capacity to perform a limited range of sedentary work.
 
 II. Discussion
 A. Timeliness of the Secretary's objections
 
 4
 Lewless claims the Secretary waived the right to further review of this case by failing to timely file objections to the magistrate judge's report and recommendation. This claim fails for several reasons.
 
 
 5
 First, the Secretary did file timely objections. The report and recommendation was issued on February 9, 1993. Pursuant to 28 U.S.C. Sec. 636(b)(1), the parties had ten days to file their objections to the report. As the period of time required to file objections was less than eleven days, intermediate Saturdays, Sundays, and legal holidays were excluded from the computation. Fed.R.Civ.P. 6(a). Further, as the magistrate judge's report was served on the Secretary by mail, the Secretary had an additional three days to respond. Fed.R.Civ.P. 6(e); see also Kent v. Johnson, 821 F.2d 1220, 1222 (6th Cir.1987). Therefore, the Secretary had thirteen days to respond, excluding Saturdays, Sundays, and legal holidays. Excluding Monday, February 15, 1993, which was the day Washington's Birthday[1] was observed, and the intermediate Saturdays and Sundays, the Secretary's objections had to be filed by Monday, March 1, 1993. This is the day on which the Secretary filed objections to the magistrate's report.
 
 
 6
 Second, even if the Secretary's objections were untimely, the outcome of this issue would still be the same. A party's failure to file timely objections to a magistrate judge's report results in waiver of that party's right to appeal a district court's order adopting the report. Thomas v. Arn, 474 U.S. 140, 144-45 (1985); Ivey v. Wilson, 832 F.2d 950, 957 (6th Cir.1987) (per curiam); Kent, 821 F.2d at 1222. In this case, the district court did not adopt the report. Further, Lewless, not the Secretary, is the party appealing the district court's order. Therefore, the waiver rule for the filing of untimely objections to a magistrate judge's report and recommendation has no application here.
 
 
 7
 Third, the waiver rule is not jurisdictional. Thomas, 474 U.S. at 145-46; Kent, 821 F.2d at 1222-23. If the district court considers issues raised by untimely objections, then the issues considered by the district court may be raised on appeal to this court. Patterson v. Mintzes, 717 F.2d 284, 286 (6th Cir.1983). Therefore, even if the Secretary's objections were untimely, the district court retained jurisdiction to consider them. Likewise, this court may review the issues considered by the district court.
 
 
 8
 Fourth, Lewless did not raise the issue of the Secretary's alleged untimeliness in the district court. As a general rule, a party cannot raise an issue before this court that was not raised in the district court. Young v. Secretary of Health & Human Servs., 925 F.2d 146, 149 (6th Cir.1990).
 
 
 9
 In view of the foregoing, Lewless's claim, that the Secretary waived the right to further review in this case by filing untimely objections to the magistrate judge's report and recommendation, is meritless.
 
 B. Substantial evidence review
 
 10
 Pursuant to 42 U.S.C. Sec. 405(g), this court has jurisdiction to review the Secretary's decisions. Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. See Brainard v. Secretary of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 11
 In determining the existence of substantial evidence, this court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, see Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, see Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 12
 The Secretary argues that substantial evidence supports the ALJ's decision. She notes that objective medical evidence and Lewless's physical activities, including her ability to drive, care for her personal needs, and take a two-month trip to visit her daughter in Las Vegas, support the ALJ's finding that Lewless's subjective complaints were not entirely credible. Further, the Secretary cites the following evidence from the record supporting the ALJ's finding that Lewless retained the residual functional capacity to perform sedentary work.
 
 
 13
 (1) In March 1987, Dr. Eugenio reported unremarkable findings concerning Lewless's cervical spine, with good range of motion.
 
 
 14
 (2) An x-ray and an EMG in March 1987 showed only minor degenerative changes and no evidence of active neurogenic changes to suggest cervical radiculopathy.
 
 
 15
 (3) In May 1987, an x-ray of Lewless's lumbar spine showed satisfactory alignment and proper width of the disc spaces.
 
 
 16
 (4) Dr. Weber, in June 1987, opined that Lewless could perform full-time work and could lift objects weighing up to fifteen pounds.
 
 
 17
 (5) In July 1987, Dr. Field saw Lewless and reported that there was no evidence of neurological deficit.
 
 
 18
 (6) In July and August of 1987, Lewless received psychiatric examinations by a psychologist and a psychiatrist, one of whom found that she had sufficient energy and organizational ability to meet the demands of most employers, and the other of whom found that she was in good contact with reality, demonstrated good self-esteem and failed to show any signs of thought disorder.
 
 
 19
 (7) Dr. Eugenio, in August 1987, found no evidence of active neurological deficit.
 
 
 20
 (8) In March 1988, Dr. Campbell examined Lewless and found only a moderate limitation of range of motion in her cervical spine. He further found that she had full ranges of painless motion in her upper extremities.
 
 
 21
 (9) In April 1988, Dr. Vanasupa examined Lewless and found no signs of joint abnormalities, abnormal joint motions, or positive neurological findings. He further found that she could lift up to fifteen pounds.
 
 
 22
 (10) In May 1989, Dr. Eugenio's notes showed that Lewless was doing "fairly well" and was not having many problems.
 
 
 23
 (11) In October 1990, Dr. Campbell found that Lewless's cervical spine showed only a moderate limitation of motion, that her reflexes were good, and that there was no sensory changes or reflex changes in her upper extremities.
 
 
 24
 (12) In November 1990, Dr. Messina stated that "[f]rom the functional perspective, I hear a great deal of pain complaints, but actually my examination was quite normal as far as strength, coordination, sensation, reflexes, etcetera."
 
 
 25
 (13) In December 1990, Dr. Campbell determined that Lewless's standing or walking was not affected by an impairment.
 
 
 26
 In light of the examples above, there is substantial evidence supporting the Secretary's finding that Lewless was not disabled within the meaning of 42 U.S.C. Sec. 1382c(a)(3).
 
 
 27
 Lewless's treating physician, Dr. Moliterno, reported in June 1990 that Lewless had spinal stenosis and ruptured discs on the basis of a CT scan, and that she probably would need surgery on the neck and back. However, Dr. Field, who had been treating Lewless since 1987, questioned the validity of Lewless's CT scan as the scanner was angled improperly, which would "tend to make the stenosis worse." Further, Dr. Field reported in June 1990 that Lewless did not have definite neurological change, that surgery was inappropriate, and that clinically he was not able to find any evidence of chronic degenerative changes in the cervical and lumbar regions.
 
 
 28
 The Secretary is not bound by an opinion of a treating physician when there is substantial medical evidence to the contrary. See Cohen v. Secretary of Health & Human Servs., 964 F.2d 524, 528 (6th Cir.1992); Young, 925 F.2d at 151; Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). Such opinions are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence. Young, 925 F.2d at 151. In this case, there was substantial medical evidence contradicting the opinion of Dr. Moliterno. Therefore, the Secretary did not err in discrediting his opinion.
 
 C. Lewless's brief
 
 29
 Although we decide this appeal on the merits, we note that Lewless's brief does not comport with proper appellate procedure. Instead of providing this court with any legal argument on the substantial evidence issue, Lewless's counsel simply adopts the magistrate judge's report. In fact, Lewless's complete "argument" on this issue is as follows:
 
 
 30
 The issue is whether substantial evidence exists to support the denial of benefits by the Secretary. This was exhaustively addressed on both the law and facts by Magistrate Judge Pepe in his 28 page Report of February 9, 1993, and Plaintiff will adopt it without repeating it here....
 
 
 31
 Fed.R.App.P. 28(a)(5) requires that the argument section of a brief "contain the contentions of the appellant on the issues presented, and the reasons therefore, with citations to the authorities, statutes, and parts of the record relied on." The 1993 amendment to Rule 28(a)(5), which is currently in effect and covers pending appellate cases, see 113 S.Ct. Preface 819 (April 22, 1993), further requires the argument to include "a concise statement of the applicable standard of review." Nowhere in Rule 28 is authority granted to a party to adopt as her argument an order or opinion rendered in a proceeding below.
 
 
 32
 This court "is not obligated to consider unsupported arguments inadequately developed in the briefs." United States v. Clark, No. 90-1575, 1991 U.S.App. LEXIS 6681, at (6th Cir. Apr. 4, 1991) (per curiam). Simply inviting an appellate court to search the record below to find support for unargued claims is not proper appellate procedure. Cashner v. United States Steel Corp., 327 F.2d 533, 537 (6th Cir.1964). As the Seventh Circuit has aptly stated, "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987). An appellant must do more in his brief than just raise issues; he must press them in a "professionally responsible fashion." Pearce v. Sullivan, 871 F.2d 61, 64 (7th Cir.1989). Therefore, counsel should take note that merely adopting the report and recommendation of a magistrate judge does not comport with our rules.
 
 III. Conclusion
 
 33
 As substantial evidence supports the Secretary's findings, the decision denying supplemental security income to Lewless is affirmed.
 
 
 
 [1]
 Fed.R.Civ.P. 6(a) recognizes Washington's Birthday as a "legal holiday."