## GOEKE, SUPERINTENDENT, RENZ CORRECTIONAL CENTER *v.* BRANCH

No. 94–898.   Decided March 20, 1995

PER CURIAM.

In this case, the Eighth Circuit granted habeas relief on the ground that it is a violation of Fourteenth Amendment due process for a state appellate court to dismiss the appeal of a recaptured fugitive where there is no demonstrated ad-

verse effect on the appellate process. The court declined to consider whether application of its ruling in respondent's case would violate the principle of *Teague* v. *Lane*, 489 U. S. 288 (1989) (plurality opinion), concluding the State had waived that argument. The State raised the *Teague* bar, and application of the Eighth Circuit's novel rule violates *Teague*'s holding. For this reason, certiorari is granted and the judgment is reversed.

In 1986, a Missouri jury convicted Lynda Branch of the first-degree murder of her husband. On retrial after the Missouri Court of Appeals reversed her conviction because of an error in the admission of evidence, the jury again convicted her. Branch moved for a new trial, and the trial court scheduled a hearing for April 3, 1989, to consider this motion and to sentence her. Before the hearing, however, Branch, who was free on bail, took flight to a neighboring county. She was recaptured on April 6, 1989, and sentenced to life imprisonment without possibility of parole.

Branch filed a timely notice of appeal on direct review and an appeal of the trial court's denial of her motion for post-conviction relief. In 1991, the Missouri Court of Appeals consolidated and dismissed the appeals under Missouri's well-established fugitive dismissal rule, which provides that a defendant who attempts to escape justice after conviction forfeits her right to appeal. *State* v. *Branch*, 811 S. W. 2d 11, 12 (Mo. App. 1991) (citing *State* v. *Carter*, 98 Mo. 431, 11 S. W. 979 (1889)). "[E]ven in the absence of prejudice to the state," the court explained, "the dismissal was justified by a more fundamental principle: preservation of public respect for our system of law." 811 S. W. 2d, at 12. Branch did not seek review in this Court.

On petition for federal habeas relief under 28 U. S. C. § 2254, Branch alleged that the dismissal of her consolidated appeal violated due process. The District Court undertook what it termed a procedural due process analysis under the framework set forth in *Mathews* v. *Eldridge*, 424 U. S. 319,

335 (1976), and denied relief. App. to Pet. for Cert. 17, 22–24. Branch appealed to the Court of Appeals for the Eighth Circuit, arguing she had stated a procedural due process violation. For the first time, at oral argument, the Eighth Circuit panel suggested the claim was a substantive, not a procedural, due process claim. *Id.*, at 137. Branch's counsel, of course, welcomed the suggestion. On that ground, a divided panel held that dismissal of an appeal where preappeal flight had no adverse effect on the appellate process violated the defendant's substantive rights under the Fourteenth Amendment. After the Eighth Circuit denied the State's motion for rehearing en banc, the majority modified its opinion to explain that it would not confront the applicability of *Teague* because the State had waived the point. *Branch* v. *Turner*, 37 F. 3d 371, 374–375 (1994).

The application of *Teague* is a threshold question in a federal habeas case. *Caspari* v. *Bohlen*, 510 U. S. 383, 388–390 (1994). Although a court need not entertain the defense if the State has not raised it, see *Schiro* v. *Farley*, 510 U. S. 222, 229 (1994); *Godinez* v. *Moran*, 509 U. S. 389, 397, n. 8 (1993), a court must apply it if it was raised by the State, *Caspari, supra*, at 389.

The State's *Teague* argument was preserved on this record and in the record before the Court of Appeals. In the District Court, the State argued that respondent's due process claim "is barred from litigation in federal habeas corpus unless the Court could say, as a threshold matter, that it would make its new rule of law retroactive. *Teague* v. *Lane.*" App. to Pet. for Cert. 99 (citation omitted). In its brief on appeal, the State pointed out that it had raised the *Teague* issue before the District Court, see *Branch, supra*, at 374, and argued that if the court were to decide that a constitutional rule prohibited dismissal, "such a conclusion could not be enforced in this collateral-attack proceeding consistently with the principles set forth in *Teague* v. *Lane*, and its progeny," App. to Pet. for Cert. 129, n. 5 (citation omitted). Con-

fronted for the first time at oral argument with a substantive due process claim, the State reasserted that "the prohibition of *Teague* against *Lane* on the enforcement of new rules of constitutional law for the first time in a collateral attack proceeding in federal court applies with full force to this case." *Id.*, at 152. The next five pages of the record are devoted to the court's questions and the State's responses regarding the *Teague* issue. App. to Pet. for Cert. 153–157.

This record supports the State's position that it raised the *Teague* claim. The State's efforts to alert the Eighth Circuit to the *Teague* problem provided that court with ample opportunity to make a reasoned judgment on the issue. Cf. *Webb* v. *Webb*, 451 U. S. 493, 501 (1981) (federal claim properly raised where there is "no doubt from the record that [the claim] was presented in the state courts and that those courts were apprised of the nature or substance of the federal claim"). The State did not waive the *Teague* issue; it must be considered now; and it is dispositive. See *Caspari, supra*, at 389; *Gilmore* v. *Taylor*, 508 U. S. 333, 338–339 (1993).

A new rule for *Teague* purposes is one where " 'the result was not dictated by precedent existing at the time the defendant's conviction became final.' " *Caspari, supra*, at 390 (quoting *Teague*, 489 U. S., at 301) (emphasis deleted); *Gilmore, supra*, at 339–340; *Graham* v. *Collins*, 506 U. S. 461, 466–467 (1993). The question is " 'whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.' " *Caspari, supra*, at 390 (quoting *Saffle* v. *Parks*, 494 U. S. 484, 488 (1990)).

Neither respondent nor the Eighth Circuit identifies existing precedent for the proposition that there is no substantial basis for appellate dismissal when a defendant fails to appear at sentencing, becomes a fugitive, demonstrates contempt for the legal system, and imposes significant cost and expense

on the State to secure her recapture. The Eighth Circuit opined that a substantive due process violation arose from conduct that was "arbitrary," "conscience-shocking," "oppressive in a constitutional sense," or "interferes with fundamental rights," and that dismissal of Branch's appeal fell within that category. *Branch, supra,* at 375. These arguments are not based upon existing or well-settled authority.

Respondent and the Court of Appeals rely for the most part on *Ortega-Rodriguez* v. *United States,* 507 U. S. 234, 248–249 (1993). There, the Court held, as a matter of its supervisory power to administer the federal court system, that absent some adverse effect of preappeal flight on the appellate process, "the defendant's former fugitive status may well lack the kind of connection to the appellate process that would justify an appellate sanction of dismissal." *Id.,* at 251. The case was decided almost two years after Branch's conviction became final. The rationale of the opinion, moreover, was limited to supervisory powers; it did not suggest that dismissal of a fugitive's appeal implicated constitutional principles. Nor was that suggestion made in any of our earlier cases discussing the fugitive dismissal rule in the federal or state courts. See *Estelle* v. *Dorrough,* 420 U. S. 534 (1975); *Molinaro* v. *New Jersey,* 396 U. S. 365 (1970); *Allen* v. *Georgia,* 166 U. S. 138 (1897); *Bohanan* v. *Nebraska,* 125 U. S. 692 (1887); *Smith* v. *United States,* 94 U. S. 97 (1876). The *Ortega-Rodriguez* dissent reinforced this point: "There can be no argument that the fugitive dismissal rule . . . violates the Constitution because a convicted criminal has no constitutional right to an appeal." 507 U. S., at 253 (REHNQUIST, C. J., dissenting) (citation omitted).

The Eighth Circuit did rely on *Evitts* v. *Lucey,* 469 U. S. 387 (1985), where the Court held that the Due Process Clause, guaranteeing a defendant effective assistance of counsel on his first appeal as of right, did not permit the dismissal of an appeal where the failure to comply with appellate procedure was the result of ineffective assistance of

counsel. The Court did not hold, as respondent argues and the Eighth Circuit seemed to conclude, that due process requires state courts to provide for appellate review where the would-be appellant has not satisfied reasonable preconditions on her right to appeal as a result of her own conduct. *Evitts* turned on the right to effective assistance of counsel; it left intact "the States' ability to conduct appeals in accordance with reasonable procedural rules." *Id.*, at 398–399.

Branch argues that even if *Teague* does apply, the rule announced by the Eighth Circuit falls into *Teague*'s exception for "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle* v. *Parks, supra,* at 495 (citing *Teague, supra,* at 311). The new rule here is not among the "small core of rules requiring observance of those procedures that . . . are 'implicit in the concept of ordered liberty.'" *Graham, supra,* at 478 (some internal quotation marks omitted; citations omitted). Because due process does not require a State to provide appellate process at all, *Evitts, supra,* at 393; *McKane* v. *Durston,* 153 U. S. 684, 687 (1894), a former fugitive's right to appeal cannot be said to "'be so central to an accurate determination of innocence or guilt,'" *Graham, supra,* at 478 (quoting *Teague, supra,* at 313), as to fall within this exception to the *Teague* bar.

As we explained in *Allen* v. *Georgia, supra,* at 140, where the Court upheld against constitutional attack the dismissal of the petition of a fugitive whose appeal was pending, "if the Supreme Court of a State has acted in consonance with the constitutional laws of a State and its own procedure, it could only be in very exceptional circumstances that this court would feel justified in saying that there had been a failure of due legal process. We might ourselves have pursued a different course in this case, but that is not the test." The Eighth Circuit converted a rule for the administration of the federal courts into a constitutional one. We do not (and we may not, in the face of the State's invocation of

*Teague*) reach the merits of that contention. The result reached by the Court of Appeals was neither dictated nor compelled by existing precedent when Branch's conviction became final, and *Teague* prevents its application to her case. The petition for certiorari is granted, and the judgment of the Court of Appeals is reversed.

*It is so ordered.*