125 F.3d 831
 97 Cal. Daily Op. Serv. 7550, 98 Cal. Daily
Op. Serv. 6317,
97 Daily Journal D.A.R. 12,171,
98 Daily Journal D.A.R. 8760
Lee ROBBINS, Petitioner-Appellee,
v.
George SMITH, Warden, California Department of Corrections,
Respondent-Appellant.
Lee ROBBINS, Petitioner-Appellant,
v.
George SMITH, Respondent-Appellee.
 Nos. 95-56640, 96-55063.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Sept. 23, 1997.
 
 Carol Frederick Jorstad, Deputy Attorney General, Los Angeles, CA, for respondent-appellant-appellee.
 Elizabeth A. Newman and Ronald J. Nessim, Bird, Marella, Boxer, Wolpert & Matz, Los Angeles, CA, for petitioner-appellee-appellant.
 Appeals from the United States District Court for the Central District of California; George H. King, District Judge, Presiding. D.C. No. CV-94-01157-GHK.
 Before: HUG, Chief Judge, and PREGERSON and REINHARDT, Circuit Judges.
 HUG, Chief Judge:
 
 
 1
 Robbins was convicted in California state court of second-degree murder and grand theft auto. His petition for habeas corpus alleges that his rights under the United States Constitution were violated because of constitutional errors in his trial and also because of ineffective assistance of counsel in his direct appeal. The district court held that Robbins was denied effective assistance of counsel on appeal because of the failure of his appointed counsel to comply with the minimum requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The district court did not reach the exhausted issues set forth in Robbins' petition concerning the alleged violation of his constitutional rights at the trial stage. The district court's order would only require that Robbins be afforded an opportunity to appeal his conviction with the aid of effective counsel.
 
 
 2
 We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm the district court's granting of Robbins's habeas petition on the Anders issue. We remand, however, to the district court for consideration of the alleged constitutional violations at trial that have been properly exhausted in the state courts. We hold that Robbins is entitled to consideration of these issues at this time. If the petition is granted on any of those grounds, it would obviate the necessity for an appeal. If the petition is denied on those grounds, the new appeal in the state court as required by the district court order would, of course, not be confined to exhausted issues, but would be a renewed direct appeal.
 
 I. FACTS AND PRIOR PROCEEDINGS
 
 3
 Lee Robbins, an indigent defendant, represented himself at trial, where he was convicted of second-degree murder and grand theft auto. He was sentenced to seventeen years to life in the California state prison on September 5, 1990.
 
 
 4
 Robbins received appointed counsel for his state appeal. His attorney filed a no-merit brief before the court, which briefly outlined the facts surrounding Robbins's trial and failed to present any possible grounds for appeal. Included in the short document was a request that the court itself review the record for arguable issues. Counsel pledged to remain "available to brief any [issue(s) ] upon invitation of the court."
 
 
 5
 Robbins subsequently filed a brief on his own behalf. After the California Court of Appeals found Robbins's claims to be unsupported by the record and that no other arguable issues existed, his appeal was denied on December 12, 1991. Robbins's petition for review by the California Supreme Court was denied on October 21 of the following year.
 
 
 6
 After exhausting his state remedies on January 26, 1994,[1] Robbins filed, pursuant to 28 U.S.C. § 2254, an amended first federal habeas petition on February 24, 1994. He argued that his appointed state appellate counsel failed to present his claims in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He also raised numerous trial errors, among them: (1) that the prosecutor had violated his duty to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (2) that the court had erred in failing to allow Robbins to withdraw the waiver of his right to counsel; (3) that the court had failed to provide him with either the money or the means to prepare a case in his own defense; and (4) that the court had deprived him of his right to a fair trial by failing to secure the presence of the witnesses he had subpoenaed.
 
 
 7
 After counsel was appointed to represent Robbins, and after several rounds of supplemental briefing, the district court granted his habeas petition on October 24, 1995, "to the extent that petitioner shall be discharged from custody unless the California Court of Appeal accepts jurisdiction over petitioner's direct appeal within 30 days." The State of California appealed. Robbins cross-appealed, arguing that the district court should have granted relief on his claims of constitutional error in the trial, thereby entitling him to a new trial.
 
 II. Applicability Of AEDPA
 
 8
 As a threshold matter, we must decide whether the new substantive and procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, are applicable to this case. Though the answer to the question was not clear at the time of oral argument, the Supreme Court has since held that the sections of AEDPA relevant to this case do not apply to cases filed in the federal courts prior to the Act's effective date of April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, ----, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997); see also Jeffries v. Wood, 103 F.3d 827, 827 (9th Cir.1996). Robbins filed his § 2254 petition in the district court in February 1994. Thus, the provisions of AEDPA do not apply to this petition.
 
 III. The State's Appeal
 
 9
 The district court held that Robbins's representation during his direct appeal was ineffective under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It was on this basis that the district court granted a conditional writ of habeas corpus. The State appeals that order, arguing (1) that the brief filed by Robbins's appointed counsel complied with Anders as interpreted by the California Supreme Court, (2) that the district court erred in finding that arguably nonfrivolous issues existed, and (3) that the application of Anders violates Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We address each of these arguments below.
 
 
 10
 Anders is the Supreme Court's landmark pronouncement setting forth court-appointed appellate counsel's duty to further a client's case after determining the appeal to be without merit. Anders involved the situation where an indigent defendant's appointed counsel, after concluding an appeal was frivolous, filed a letter brief so informing the court. The letter noted that counsel remained at the court's disposal to brief any issues that the court were to see fit. The defendant's request for replacement counsel was denied, and the California Court of Appeals affirmed the conviction.
 
 
 11
 Anders subsequently filed a federal habeas petition, arguing that his right to effective counsel on appeal had been violated. The Supreme Court agreed. The Court was convinced that the appellate court reviewed Anders's claim without the benefit of briefing or advocacy based on "counsel's bare conclusion" that the appeal was frivolous. Anders, 386 U.S. at 742. The Court held that such a letter brief from defendant's counsel " 'cannot be an adequate substitute for the right to full appellate review.' " Id. (quoting Eskridge v. Washington State Bd., 357 U.S. 214, 215, 78 S.Ct. 1061, 1062, 2 L.Ed.2d 1269 (1958)).
 
 
 12
 In Penson v. Ohio, the Supreme Court explained that "Anders, in essence, recognizes a limited exception to the requirement articulated in [Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) ] that indigent defendants receive representation on their first appeal as of right." Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988). This limited exception recognizes that the Fourteenth Amendment does not demand that a State require that appointed counsel pursue wholly frivolous appeals. Id. at 83-84, 109 S.Ct. at 351-52. Anders and Douglas thus set forth the exclusive procedure through which appointed counsel's performance can pass constitutional muster: Appointed counsel must either provide active and vigorous appellate representation of indigent criminal defendants or, after conducting a conscientious examination of the record and concluding that any appeal would be wholly frivolous, request leave to withdraw and file a brief identifying anything in the record that might arguably support an appeal. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400; see also Penson, 488 U.S. at 80, 83-84, 109 S.Ct. at 349. 351-52.
 
 
 13
 The California Supreme Court interpreted Anders in People v. Feggans, 67 Cal.2d 444, 62 Cal.Rptr. 419, 432 P.2d 21 (1967), and later in People v. Wende, 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979). The State contends that, because Robbins's state appellate counsel's brief complies with the strictures of Wende, the district court erred in determining the brief to be insufficient under Anders. The State argues that appointed counsel's actions in this case satisfy the requirements of Anders, as construed by Feggans and Wende, because: (1) the nonexistence of arguable issues should have been inferred from counsel's failure to raise any; and (2) despite the fact that it should have been inferred that counsel concluded that there was a lack of arguable issues, it was not incumbent on him to withdraw because he had not "disabled himself from effectively representing" Robbins by describing his case as frivolous. See Wende, 158 Cal.Rptr. 839, 600 P.2d at 1075.
 
 
 14
 Accepting the State's contention, that the state court decision in Wende allows a departure from the strict requirements of Anders, would override Supreme Court precedent. Our obligation in this habeas action is to determine whether appellate counsel met his obligations under the United States Supreme Court's requirements set forth in Anders and its progeny. It is apparent that those requirements were not met. Robbins's appointed counsel neither provided active and vigorous appellate representation nor complied with Anders. The brief filed on Robbins's behalf completely failed to identify any grounds that arguably supported an appeal. Rather, it briefly summarized the procedural and historical facts of the case and requested that the state appellate court "independently review the entire record for arguable issues." Accordingly, the district court correctly found that Robbins's counsel did not comply with Anders.
 
 
 15
 The State also argues that the district court erred in basing its grant of Robbins's habeas petition on the finding that at least two arguable issues existed for appeal. In making this argument, the State assumes that the nonexistence of arguable issues would render appointed counsel's failure to comply with Anders harmless. We need not decide whether this assumption is correct because we conclude that the district court correctly determined that arguably nonfrivolous issues existed.
 
 
 16
 The district court found that at least two nonfrivolous appellate issues existed in Robbins's case: (1) that the denial of Robbins's attempt to withdraw the waiver of his right to counsel constituted error; and (2) that the inadequacy of the county jail's library deprived him of a meaningful opportunity to prepare his defense. It further noted that there may well be other arguable issues. Robbins also points to several other exhausted, arguably nonfrivolous appellate issues, including prosecutorial misconduct in violation of Brady v. Maryland, wrongful denial of Robbins's Marsden motions (motions under California law relating to the substitution of counsel), and interference with Robbins's constitutional right to prepare an adequate defense on his own behalf.
 
 
 17
 Anders creates a very low threshold for which arguments counsel must brief for the court. See United States v. Griffy, 895 F.2d 561, 563 (9th Cir.1990); Lombard v. Lynaugh, 868 F.2d 1475, 1487 (5th Cir.1989) (Goldberg, J., concurring). Certainly, counsel need not argue only "winning" arguments. Instead, counsel must bring to the court's attention "anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744, 87 S.Ct. at 1400. For purposes of California law, an issue is "arguable" when it has some potential for success, meaning some possibility of a result requiring reversal or modification of the judgment. People v. Johnson, 123 Cal.App.3d 106, 109, 176 Cal.Rptr. 390 (1981).
 
 
 18
 The two issues identified by the district court--(1) whether the denial of Robbins's attempt to withdraw the waiver of his right to counsel constituted error; and (2) whether the inadequacy of the county jail's library deprived him of a meaningful opportunity to prepare his defense--are arguably nonfrivolous and should have caused the state appellate court to appoint new counsel for Robbins.[2] As noted by the district court:
 
 
 19
 The right guaranteed by the Fourteenth and Sixth Amendments to waive one's right to counsel and proceed in pro per "is premised upon the right of the defendant to make a defense." Milton v. Morris, 767 F.2d 1443, 1445-46 (9th Cir.1985) (citing Faretta v. California, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 2533-34, 45 L.Ed.2d 562 (1975)). An incarcerated defendant cannot meaningfully exercise this right without access to tools such as law books. Id. at 1446; Taylor v. List, 880 F.2d 1040, 1047 (9th Cir.1989).
 
 
 20
 The California trial judge's own words--"it's almost impossible as a pro per to prepare yourself a decent defense, especially given the law library"--justify the district court's conclusion that Robbins's inability to prepare an adequate defense was, in the very least, an arguable issue. The California trial judge even told Robbins that "if you are looking up law, you are not going to be able to find it because somebody has torn it out before you got there." There is some potential, had Robbins's appointed counsel raised and vigorously advanced this issue on appeal, that Robbins's conviction would have been reversed.
 
 
 21
 As the district court noted, the California trial court's treatment of Robbins's request to withdraw his waiver of his right to counsel also raises a serious constitutional question. The district court stated, "[f]airly read, petitioner asked for the appointment of counsel as an alternative to advisory counsel. Because the judge failed to even consider whether petitioner was reasserting his right to counsel, it too is a nonfrivolous issue which should have been raised by petitioner's appellate counsel." We agree.
 
 
 22
 Finally, the State argues that granting relief on Robbins's Anders claim violates Teague v. Lane. Teague held that new constitutional rules cannot be applied retroactively to cases on collateral review unless they fall into one of two narrow exceptions. "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301, 109 S.Ct. at 1070. Therefore, we must determine, " 'whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.' " Goeke v. Branch, 514 U.S. 115, 118, 115 S.Ct. 1275, 1277, 131 L.Ed.2d 152 (1995) (quoting Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994)).
 
 
 23
 It is clear that the district court's holding in this case did not involve a new rule. Our discussion above indicates that the outcome of Robbins's case was predetermined by the controlling analysis provided by the Supreme Court in Anders and Penson, both of which were handed down before Robbins's conviction. The consequences of counsel's failure to raise arguable issues were unambiguously detailed in Anders. Application of Anders to this case required no extension of precedent or logical interpolation. The facts of Robbins's case almost directly mirror those of Anders. In light of these considerations, the Goeke test confirms that no "new" constitutional rule was invoked in this case.
 
 IV. Robbins's Cross-Appeal
 
 24
 Robbins argues in his cross-appeal that the district court erred when it failed to consider and to rule upon his allegations of constitutional error in the state court trial.
 
 
 25
 Robbins brought eleven exhausted claims in the district court relating to his trial. Had Robbins not raised the Anders issue, the district court would have reached the merits of those claims. Had the district court ruled in Robbins's favor on them, a grant of habeas relief would have required either release or a new trial. The need for a new direct appeal--the remedy granted by the district court--would be obviated by this outcome. Robbins is entitled to have these foundational claims in his habeas petition considered first.
 
 
 26
 The Eleventh Circuit has, in the exercise of its supervisory authority, directed district courts to rule on all claims raised in a petition for habeas corpus, even if the petition is granted on one claim. Clisby v. Jones, 960 F.2d 925, 936 (11th Cir.1992) (en banc). This has the advantage of avoiding possible remands for consideration of remaining claims if the district court's decision on one claim is reversed. It has the disadvantage of requiring considerable extra work by the district court to decide many claims that may be completely unnecessary, because they will be mooted on appeal.
 
 
 27
 We have taken a different approach in our circuit. In Blazak v. Ricketts, 971 F.2d 1408, 1413 (9th Cir.1992) (per curiam), we declined to apply the Clisby approach to a capital case in which the district court granted the writ on one guilt phase issue without deciding all the remaining guilt phase issues or any of the penalty phase issues. We drew a distinction, however, between a case which granted a petition on a sentencing issue but left unresolved an issue affecting the validity of the conviction. Id. at 1413-14. We stated:
 
 
 28
 Moreover, unlike habeas grants exclusively on sentencing issues, the grant of a habeas petition because of the constitutional invalidity of a conviction raises concerns that a possibly innocent person has been unjustifiably incarcerated on death row for a number of years. Delaying retrial in such cases, while attorneys fight over a sentence that may no longer exist, risks the perpetuation of a monumental injustice, should retrial ultimately result in an acquittal.
 
 
 29
 Id. at 1414 n. 7; see also Rice v. Wood, 44 F.3d 1396, 1402 n. 10 (9th Cir.1995). The same policy considerations are involved in this case. Granting the writ only for the ineffective assistance of counsel on appeal leaves the challenges underlying the conviction unresolved. Resolving other issues while leaving challenges to the underlying conviction unresolved potentially can cause grave injustice to defendants like Robbins who, despite alleging constitutional shortcomings in the trial process, must await resolution of a renewed appeal while potentially deserving a retrial and possibly an acquittal.
 
 
 30
 Penson v. Ohio, cited by California in opposition to Robbins's claim, is inapposite. Penson was an indigent defendant who was convicted of several serious felonies. His appointed appellate counsel filed a letter brief certifying his appeal to be meritless and asking to withdraw. In violation of Anders, the Ohio Court of Appeals allowed counsel to withdraw and conducted its own review of the record without the benefit of advocacy or briefing. Penson, 488 U.S. at 78, 109 S.Ct. at 348. The Ohio court found "several arguable claims," reversed one of his convictions, and then dismissed his appeal. Id. at 79, 109 S.Ct. at 348. Penson petitioned for a writ of certiorari. The Supreme Court granted the petition and reversed.
 
 
 31
 Penson is unlike the case at bar because it involved the Supreme Court's review of the Ohio appellate court's dismissal of Penson's direct appeal. When the Court recognized that "several arguably meritorious grounds for reversal" existed, it remanded the matter to the Ohio appellate court for further proceedings. Id. It was, however, reviewing the direct appeal of a state court action, and not a habeas petition. In this circumstance, the Court explained that it would not "sit in place of the Ohio Court of Appeals in the first instance to determine whether petitioner was prejudiced as to any appellate issue." Id. at 87 n. 9, 109 S.Ct. at 353 n. 9 (emphasis added). In this habeas proceeding the district court will be considering alleged constitutional errors in the defendant's trial that have been exhausted in the state court. Robbins is entitled to have those trial issues considered at this time just as any other habeas petitioner would. The fact that Robbins also presents an allegation of ineffective assistance of appellate counsel is a secondary issue that comes into play only if the district court denies relief for trial errors. That appeal would then be a renewal of the direct appeal as in Penson and could encompass any issues that could have been raised on direct appeal.
 
 
 32
 Because the district court should have addressed the claims of trial error first, it might not have needed to address Robbins's claims of appellate error as well. Because it did address the appellate claims, however, and because it decided those questions correctly, it is in the interest of judicial economy and efficiency to affirm them now. If trial error is found to have occurred and to require vacation of the conviction, the appellate errors will become immaterial. If no such trial errors are found, however, the district court's original order will again become applicable. Cf. Penson, 488 U.S. at 88-89, 109 S.CT. at 354-55 (the actual or constructive denial of assistance of counsel is presumed to result in prejudice); Lombard, 868 F.2d at 1487 (formal physical presence of appellate attorney is not appellate counsel; defendant constructively denied assistance of counsel where attorney filed document containing no arguments going to merits of appeal).
 
 V. CONCLUSION
 
 33
 The judgment of the district court is AFFIRMED IN PART but the case is REMANDED to the district court for consideration of whether the alleged constitutional trial errors that defendant raises merit reversal of Robbins's underlying convictions and the granting of a new trial.
 
 
 
 [1]
 Robbins filed a habeas petition in state court, which the California Supreme Court ultimately denied on the merits. The petition raised the same issues that Robbins now raises in his federal habeas petition
 
 
 [2]
 Because we conclude that the district court correctly identified at least two arguably nonfrivolous issues, we need not determine whether other arguably nonfrivolous issues exist