

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# USA v. Coleman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4118

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Coleman" (2007). *2007 Decisions.* Paper 1520.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1520

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4118
_____

UNITED STATES OF AMERICA

v.

RANDY COLEMAN
also known as
STEVEN JOHNSON
also known as
STEVEN LEWIS
also known as
KHABIR HAFIZ

Randy Coleman,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00038-1)
District Judge:  Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2006

Before:  FISHER, CHAGARES and GREENBERG, *Circuit Judges*.

(Filed: March 7, 2007 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Randy Coleman argues (1) that the District Court erred in raising sua sponte the non-retroactivity principle of *Teague v. Lane*, 489 U.S. 288 (1989); and (2) that the rule of *Crawford v. Washington*, 541 U.S. 36 (2004), should be applied retroactively. The former argument is without merit and the latter argument is foreclosed by the United States Supreme Court's ruling in *Whorton v. Bockting*, 549 U.S. ___ (Feb. 28, 2007). For the reasons that follow, the District Court's judgment denying Coleman's habeas petition will be affirmed.

## I.

Because we write for the parties only, we will forgo a lengthy recitation of the factual and procedural history of this case. On January 23, 2001, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Coleman with possession of a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c), possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Coleman proceeded to trial on May 9, 2001. At trial, the statements of an adverse witness who had died were introduced pursuant to the "excited utterance" hearsay exception of Federal Rule of Evidence 803(2). On May 11, 2001, the jury convicted Coleman on all counts and on July 29, 2001, the District Court imposed a sentence of 220 months of imprisonment, five years of supervised release, a $1,000 fine, and a special

assessment of $300. On June 3, 2003, we affirmed the conviction and sentence. *See United States v. Coleman*, 68 Fed. Appx. 300 (3d Cir. 2003) (unpublished).

On October 18, 2004, Coleman filed a 28 U.S.C. § 2255 habeas petition raising, inter alia, the issue of a violation of his right to confront witnesses pursuant to the Supreme Court's decision in *Crawford*. 541 U.S. at 60. The Government did not raise the affirmative defense of *Teague* – that is, the principle that with rare exception for "watershed rules," new rules of criminal procedure do not apply retroactively to cases already final on direct review. 489 U.S. at 311 (plurality opinion). However, the District Court invoked the principle of *Teague* sua sponte, finding that in order to raise a challenge based on *Crawford*, Coleman first had to establish that the rule announced in that case applied retroactively. Applying *Teague*, the District Court found that *Crawford* did not announce a watershed rule of criminal procedure and did not affect primary rights. Accordingly, it denied Coleman's habeas petition. Coleman filed a motion for reconsideration. Although the District Court denied the motion, it granted a certificate of appealability as to whether *Crawford* applies retroactively.

## II.

The District Court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231, and over Coleman's collateral petition pursuant to 28 U.S.C. § 2255. Because the District Court issued a certificate of appealability under 28 U.S.C. § 2253 regarding its final decision denying habeas relief, we have jurisdiction under 18 U.S.C. § 1291. We

3

review the District Court's legal conclusions de novo. *United States v. Cepero*, 224 F.3d 256, 258 (3d Cir. 2000).

Coleman challenges the District Court's authority to raise the issue of the retroactivity of *Crawford* sua sponte. This challenge must fail. Although "a court need not entertain the [non-retroactivity issue] . . . if the State has not raised it . . .," *Goeke v. Branch*, 514 U.S. 115, 117 (1995) (per curiam), we clearly retain the discretion to reach the issue sua sponte. *See Schiro v. Farley*, 510 U.S. 222, 229 (1994) ("[A] State can waive the *Teague* bar by not raising it. . . . Although we undoubtedly have the discretion to reach the State's *Teague* argument, we will not do so in these circumstances."); *Wilmer v. Johnson*, 30 F.3d 451, 455 (3d Cir. 1994) ("Although we have the discretion to reach the . . . [non-retroactivity issue] sua sponte . . . we decline to do so in this case."). Although the doctrine of non-retroactivity is not a jurisdictional hurdle, it remains a "threshold question," *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994), that a court appropriately raises as the "first step" in its review of a habeas petition. *Schiro*, 510 U.S. at 228.

Coleman also argues that, even if it was not error for the District Court to raise the issue of the retroactivity of *Crawford* sua sponte, the District Court's conclusion that *Crawford* should not be retroactively applied was erroneous. This argument is foreclosed by the Supreme Court's holding in *Whorton v. Bockting*, *supra*, that the rule of *Crawford* is not a watershed rule of criminal procedure to be applied retroactively.

III.

For the foregoing reasons, we will affirm the District Court's judgment denying the petition for habeas relief.