**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0277n.06
Filed: May 19, 2008

No. 06-6285

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA
　　*Plaintiff-Appellee*,

　　　　　　v.

HUGH BRITT HURLEY
　　*Defendant-Appellant*.

_____

On Appeal from the
United States District Court for
the Eastern District of Tennessee

Before: KENNEDY, BATCHELDER, and GRIFFIN, Circuit Judges.

**KENNEDY, J.** Mr. Hugh Britt Hurley,[1] appeals the sentence imposed after he pleaded guilty to conspiracy to distribute over 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). When the district court determined Mr. Hurley's sentence, it imposed a two-level upward adjustment to Mr. Hurley's Guidelines' offense level for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). The increase is given once the government has proven possession at the time of the underlying offense, at which time the burden shifts to the defendant to prove by a preponderance of the evidence that it is "clearly improbable" that the gun was connected to the offense. *United States v. Catalan*, 499 F.3d 604, 606-07 (6th Cir. 2007). Mr. Hurley argues that, by not placing the burden on the government to prove that the weapon was connected to the offense, his substantive due process rights were violated.

_____

[1] Mr. Hurley's last name was previously incorrectly spelled "Hurhley." J.A. at 231.

1

Mr. Hurley's argument fails. First, we can discern no substantive due process right at issue. The burden-shifting provision at issue is not "conscience shocking," nor is it wholly arbitrary.[2] *Cf. Goeke v. Branch*, 514 U.S. 115, 118-19 (1995). We therefore believe that he can only mean to raise a procedural due process claim. We have previously rejected a constitutional procedural due process challenge to the burden-shifting scheme of § 2D1.1(b)(1). *United States v. McGhee*, 882 F.2d 1095, 1097-99 (6th Cir. 1989).

There are three other assertions located within Mr. Hurley's brief that, to the extent they could be called argument, we deem waived because they are woefully underdeveloped. One is that the burden-shifting scheme violates *Booker*. The full extent of Mr. Hurley's argument on this subject is as follows, "Further, Mr. Hur[]ley avers that the presumption triggered by U.S.S.G. [§] 2D1.1(b)(1) is violative of **Booker** in placing the emphasis squarely back on the guidelines."

---

[2] Mr. Hurley argues, without legal support or citations to the record, that attempting to sustain the burden would be "a[n] exercise in futility," Appellant's Br. at 22, and that the burden is both "impossible" and places the defendant "in an irreparably undefendable position," Appellant's Br. at 24. These arguments are easily dismissed. There are many plausible scenarios that if true would allow Mr. Hurley to prove by a preponderance of the evidence that it is "clearly improbable" that the gun was connected to his drug dealing. Mr. Hurley could have offered evidence, through his own testimony or testimony of others, that he stores the weapon in his home for protection, and that he does not deal drugs nor does he store drugs in his home. He then could have offered evidence that when found in his vehicle with the gun and drugs, he was responding to an emergency, which he could have proven through his own testimony or the testimony of others if it were the case. There are numerous other possible scenarios that could allow a defendant to sustain his burden of proof. The problem for Mr. Hurley is that he possessed a weapon on two of the three occasions on which he was stopped and found to possess drugs. One of those times, March 30, 2005, police found Mr. Hurley in a high crime area, crouched inside a vehicle with improper registration, with a loaded gun on the seat next to him, and with 12-15 grams of methamphetamine hidden in his underwear. J.A. at 220, 230. If evidence existed to prove that it was clearly improbable that the loaded gun within easy reach had nothing to do with the methamphetamine in Mr. Hurley's underwear, such evidence was not introduced and, absent any such evidence, such a scenario permits no inference other than a connection between the gun and Mr. Hurley's drug dealing.

2

Appellant's Br. at 24-25. We cannot divine any meritorious argument, or support for defendant's conclusion, from this single sentence.

Another waived argument is that the burden-shifting scheme at issue violates *Blakely*. Mr. Hurley again used only one sentence to encapsulate this challenge: "Additionally, it would appear that [the presumption] is violative of **Blakley** in that Mr. Hur[]ley never admitted that he possessed the gun for purposes of criminal activity, nor was the [sic] determined by a jury." Appellant's Br. at 25. To the extent this sentence raises an issue regarding judicial factfinding, such an argument has been repeatedly rejected now that the Guidelines are only advisory. *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006).

Lastly, any argument Mr. Hurley intends to assert regarding the burden-shifting scheme's potential infringement on his Second Amendment right to bear arms is also deemed waived. The argument section of Mr. Hurley's brief constitutes only five and a third pages. Appellant's Br. at 20-25. Mr. Hurley never invokes the words "Second Amendment" in that space. Roughly a page and a third of that section consists of a quotation from *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006). In that case the Eleventh Circuit was determining whether or not it would apply a presumption of reasonableness when reviewing a within-the-Guidelines sentence. *Hunt*, 459 F.3d at 1183-85. The applicability of such a case to Mr. Hurley's argument regarding § 2D1.1 is a mystery.[3] That case, however, was a full one-third of Mr. Hurley's case law support for his claims.

---

[3] Mr. Hurley argues that the case is instructive on burdens generally, but we do not see any connection between the Eleventh Circuit's discussion of burdens and his argument in this case. It could be instructive if we were interpreting where and when § 2D1.1(b)(1) placed the burden on the defendant. We have already interpreted that section, however, to place the burden on the defendant to prove that the gun was unconnected to the offense after the government has met its burden of proving that the gun was possessed during commission of the offense. *United States v. Catalan*, 499 F.3d 604, 606-07 (6th Cir. 2007). Mr. Hurley does not challenge this interpretation.

Mr. Hurley's second case also fails to provide him a whit of support for a Second Amendment, or any other, argument. The citation arises as follows: "Mr. Hur[]ley, therefore, avers that a presumption that shifts the entire burden of establishing by '*clear and convincing*' evidence that there is no causal or event[-]triggered connection between the two is fundamentally unfair, and results in a[n] exercise in futility, on the part of the defendant and defense counsel, particularly in the light of **Mackey** and it's [sic] progeny (**U.S. v. Mackey**, 265 F.3[d] 457 (6th Cir. 2001))." Appellant's Br. at 22 (footnote omitted). Mr. Hurley did not include a pincite to or otherwise explain the alleged support *Mackey* provides him. Our review of *Mackey* discloses that it too is inapplicable to Mr. Hurley's case. *Mackey* involved a sufficiency of the evidence challenge to a conviction under 18 U.S.C. § 924(c), which punishes a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." While *Mackey* required the government to prove that the gun was possessed "in furtherance" of the crime, that was because "in furtherance" is an element of § 924(c). The issue in the instant case, however, is a sentencing factor, rather than an element of the crime.

Mr. Hurley's third, and final, case authority is the one that, along with some other language in his brief,[4] seems to indicate that he may desire to raise a Second Amendment challenge to the burden-shifting scheme of § 2D1.1(b)(1). Mr. Hurley's citation is as follows, "The result is a clear substantive due process violation that in the light of **U.S. v. Emerson**, 270 [F].3d 203 (5th Cir. 2001), wherein the individual personal 'right' to possess and carry is thoroughly examined and

---

[4] Mr. Hurley asserts things such as, "The law is that any adult citizen of the United States who has not been convicted of a felony, or who is not currently under a valid order of protection, has the absolute right to own and possess a firearm." Appellant's Br. at 22. While this appears to assert a Second Amendment right, Mr. Hurley does not include a single citation for his view of the law.

4

extolled, is exceedingly profound." Appellant's Br. at 24 (footnote omitted). In *Emerson*, the Fifth Circuit held that the Second Amendment provides an individual right to bear arms.[5] 270 F.3d at 260. Mr. Hurley, however, again fails to explain *Emerson* or to even include a pincite to where support for his assertion could be located. He does not even mention that he is invoking the Second Amendment.

To the extent Mr. Hurley's general citation to *Emerson* and broad assertions without authority could be deemed to assert a Second Amendment argument, it is deemed waived. *See* Fed. R. App. P. (a)(9)(A). Mr. Hurley is required to provide his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." *Id.* Mr. Hurley has failed to do the minimum required to raise a Second Amendment argument. He only cited a single case, did not include a pincite to any particular part of that case, did not explain that case, did not analyze how that case's framework would apply to this case, did not cite any authority from our Circuit regarding the issue, did not include a single cite to the record in the argument section, and, most remarkably, never even invoked the Second Amendment by name. This failure certainly qualifies as "inadequate development," and we are not required to consider such "unsupported arguments." *See United States v. Clark*, No. 90-1575, 1991 WL 46481, at *1 (6th Cir. Apr. 4, 1991) (unpublished); *see also Lewless v. Sec'y of Health & Human Servs.*, No. 93-1581, 1994 WL 201887, at *4 (6th Cir. May 23, 1994) (per curiam) (unpublished); *see also United States v. Nichol*, 134 F. App'x 135, 138-39 (9th Cir. 2005) (mem.) (unpublished).

---

[5] We note that we are assuming Mr. Hurley is pointing to the Second Amendment portion of *Emerson*. That case, however, also included a discussion of whether § 924(g)(8) violated the due process clause of the Fifth Amendment because the statute was too obscure to provide notice, particularly when "there is nothing inherently evil about possessing a firearm." *Emerson*, 270 F.3d at 215-17. The Fifth Circuit determined that the statute did not violate the Fifth Amendment. *Id.*

For the foregoing reasons, the sentence and judgment of the district court are AFFIRMED.