**Gerald Jerome ARTIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. SD 29690.

Missouri Court of Appeals, Southern District, Division One.

Dec. 30, 2009.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON BURRELL, Judge.

Gerald Artis ("Movant") appeals the denial of his Rule 24.035[1] motion seeking post-conviction relief. Movant pled guilty to the class C felony of possession of a controlled substance and the class C felony of domestic assault pursuant to a plea agreement. A third criminal charge pending against Movant was dismissed as part of that agreement.[2] Movant's sole point on appeal claims his guilty plea was rendered involuntary because his lawyer was ineffective for failing to properly investigate his case before Movant entered his guilty plea. Because Movant absconded from justice and fled the state after pleading guilty, we dismiss his appeal under the "escape rule."

In accordance with the plea agreement, the trial court sentenced Movant to serve two consecutive five year terms. Also based on the plea agreement, Movant was released from custody on the condition that he return in four days to be transported to the Department of Corrections ("DOC"). If Movant did not incur a new law violation and returned as directed, the trial court was to enter an amended sentence and judgment that ran Movant's terms of incarceration concurrently instead of consecutively. Movant did not return to custody as directed. A few days later, the trial court issued a warrant for his arrest based on that failure to return.

After absconding, Movant went to Arkansas. He later returned to Missouri and was apprehended in Kennett approximately one month after his furlough should have ended. Pursuant to the trial court's original sentence and judgment, Movant was then transported directly to DOC, and his sentence was not amended.

The motion court held an evidentiary hearing on Movant's request for post-conviction relief and, following that hearing, entered an order denying relief. Among the findings set forth in that order were the following:

> Movant absconded after the court granted him a brief furlough. This court does not accept his excuses for not reporting for transportation after the expiration of the furlough. This failure to report adversely affected the criminal justice system. All of his alleged claims occurred

---

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2009).

2. The nature of this charge is not identified.

before he absconded, and this court would be justified in dismissing his post-conviction claims under the escape rule as to matters that occurred before he absconded. [Citations omitted]. Although the case is subject to dismissal under the escape rule, this court decides movant's postconviction claims on the merits.

This court is not so generous. Under the circumstances present here, we believe the dismissal of his appeal is an appropriate retributive consequence of his decision to flee justice.

 The determination of whether to apply the escape rule "is left to the sound discretion of the appellate tribunal." *State v. Troupe*, 891 S.W.2d 808, 811 (Mo. banc 1995). Application of the escape rule does not implicate a defendant's constitutional rights "because neither a right to appeal a conviction nor a right to a state post-conviction proceeding exists." *Echols v. State*, 168 S.W.3d 448, 451 (Mo.App. W.D. 2005) (citing *Randol v. State*, 144 S.W.3d 874, 876 (Mo.App. W.D.2004)); *Goeke v. Branch*, 514 U.S. 115, 120, 115 S.Ct. 1275, 131 L.Ed.2d 152 (1995); *Reuscher v. State*, 887 S.W.2d 588, 590 (Mo. banc 1994).

 "In post-conviction cases, the escape rule has been invoked both to dismiss appeals where the motion court reached the merits of the movant's claim and to affirm the motion court's dismissal of a motion based on its own application of the rule." *Echols*, 168 S.W.3d at 451 (citation omitted). Post-conviction relief may be denied to an individual who violates his conditions of release pending a judicial proceeding and absconds. *Randol*, 144 S.W.3d at 876 (citing *Troupe*, 891 S.W.2d at 809). If the escape at issue "adversely affects the criminal justice system," the appeal is appropriately dismissed. *Troupe*, 891 S.W.2d at 811.

Here, Movant violated his conditions of release by failing to report back after his furlough for transport to DOC. Movant's excuse for not reporting as directed was that he had learned while on furlough that "some people" who had been "set up" by his ex-wife were in the jail and were "looking to kill [him] because [his] wife had set these people up." The motion court did not find this excuse credible. Movant's willful refusal to return to custody as ordered adversely affected the criminal justice system because: 1) the trial court was forced to issue a *capias* warrant for Movant's arrest; 2) law enforcement resources in Kennett were undoubtedly diverted from other tasks in order to apprehend and hold Movant; and 3) Movant's delivery to DOC was delayed for a month.

 Movant's flight from justice flouted the authority of the very court system he now turns to for relief. "Those who seek protection from the legal system in the form of post-conviction relief must be willing to abide by all the rules and decisions of that legal system." *Harvey v. State*, 150 S.W.3d 128, 130 (Mo.App. E.D.2004) (citing *Troupe*, 891 S.W.2d at 810). Movant's appeal is dismissed.

BATES, P.J., and BARNEY, J., Concur.