William HINTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 73601.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 22, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 22, 1999.

Application to Transfer Denied
April 27, 1999.

Dave Hemingway, St. Louis, Missouri, for
appellant.

Jeremiah W. (Jay) Nixon, Atty, Gen.,
Shaun J. Mackelprang, Attorney General,
Jefferson City, Missouri, for respondent.

Before JAMES R. DOWD, P.J.,
LAWRENCE G. CRAHAN, J., and
RICHARD B. TEITELMAN, J.

### ORDER

PER CURIAM.

William Hinton (Movant) pled guilty to two
counts of possession of a controlled sub-
stance, Section 195.202 RSMo 1994, and one
count of attempted escape from custody, Sec-
tion 564.011 RSMo 1994. Following his
guilty plea Movant sought to escape justice
again, by failing to appear at his originally
scheduled sentencing hearing. Thereafter
an arrest warrant was issued for Movant,
who was apprehended and returned to custo-
dy several months later and then sentenced.
Movant filed a Rule 24.035 motion for post-
conviction relief, which was denied without
an evidentiary hearing. Movant appeals
from that judgment, contending he is entitled
to a hearing on his claim that his guilty plea
was rendered involuntary due to ineffective
assistance of counsel.

We have reviewed the briefs of the parties
and record on appeal, and find that the mo-
tion court's determination is not clearly erro-
neous. Rule 24.035(k). The motion court
correctly concluded that Movant's claim of
error is barred under the "escape rule," as a
result of his willful failure to appear for
sentencing. *State v. Bailey*, 848 S.W.2d 611,
612 (Mo.App. E.D.1993); *Vangunda v. State*,
922 S.W.2d 857, 858 (Mo.App. S.D.1996).
Movant's contention that the error alleged in
his case accrued only after his capture and
return to custody rather than prior to his
escape, and is therefore not barred by the
escape rule, is meritless. *President v.. State*,
925 S.W.2d 866, 868 (Mo.App. W.D.1996).
Further discussion would have no prece-
dential value. We affirm the judgment pur-
suant to Rule 84.16(b).