**STATE of Missouri, Plaintiff–Respondent,**

v.

**George D. ELLIOTT, Jr., Defendant–Appellant.**

No. 28004.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 2007.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Mary H. Moore, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

George D. Elliott, Jr., ("Defendant") appeals the convictions, after a bench trial, of forcible rape, a violation of Section 566.030,[1] forcible sodomy, a violation of Section 566.060, domestic assault in the second degree, a violation of Section 565.073, and false imprisonment, a violation of Section 565.130. Defendant contends that the trial court abused its discretion in admitting the victim's written statement because it allowed the State to improperly bolster and add undue weight to the victim's testimony by, in effect, allowing her to testify twice.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. In September 2005, Defendant's wife, Donna, and her sixteen-year-old daughter, B.C. ("Victim"), were living with Defendant in El Dorado Springs, Missouri. On September 17, 2005, Defendant and Victim were home alone and Victim was taking a bath. During her bath, Victim saw that Defendant was watching her from the bathroom door. Victim could tell that Defendant knew she saw him.

After Defendant moved away from the bathroom door, Victim got out of the bathtub, got dressed, and went into the living room. Defendant came in carrying a backpack and told Victim that they needed to talk and asked her if she knew why. Victim informed Defendant that she did and was planning on telling her mother that he was watching her while she was taking a bath. Victim then tried to walk past Defendant when he grabbed her around the neck and started to choke her. She kicked Defendant in the leg and tried to get away but was unable to do so. Defendant put his hand under Victim's shirt and she started to scream so he

covered her mouth and nose with his hand and told her not to scream.

Defendant then told Victim to move into her room and told her if she screamed he would punch her. Once they were in the room, Defendant pulled off Victim's shorts and told her to remove her shirt, which she did. He told Victim to lie on the bed. He then went and got the backpack, which contained a tube of lubricating gel. Defendant removed his clothes and lay down next to Victim. He told Victim that she was going to lose her virginity and get pregnant. Victim started to cry and asked Defendant why he was doing this. Defendant told her that since he was going to get in trouble he might as well go all the way.

Defendant began touching Victim's neck and breasts with his hands and with his mouth, resulting in a couple of "hickies." He touched Victim in places where she had never been touched, including putting his fingers in her vagina. Defendant also inserted his penis in her vagina, forced Victim to touch his penis, and forced her to perform oral sex on him. Defendant ejaculated on Victim's stomach and wiped her off with his t-shirt.

Defendant then typed a note on the computer, addressing it to Donna, admitting he "violated [Victim] ... [and he] had no explanation. [He] had sex with [Victim]." He printed the note and told Victim to give it to Donna. Defendant then washed the sheets on Victim's bed, Victim's clothes, and the clothes he was wearing.

Before he left the house, Defendant tied plastic ties around Victim's wrists and neck, which he then attached to the bed frame and headboard, and put duct tape over Victim's mouth. He left wire cutters by Victim's feet and told her they were

---

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

there, which she eventually used to cut herself free.

After freeing herself, Victim waited for her mother. When Donna got home Victim gave her the note, and exclaimed, "It [was] [Defendant]," "He violated me! He raped me!" Donna immediately put Victim in the car and took her to the emergency room. While at the hospital, Donna gave the letter to Michael Noland ("Corporal Noland"), a corporal with the El Dorado Springs Police Department. Victim also wrote out a statement detailing what Defendant had done to her and gave it to Corporal Noland.

Defendant was arrested the next day. Corporal Noland interrogated Defendant after advising him of his rights. Defendant broke down, started to cry, and admitted he choked, raped, sodomized, and restrained Victim. Corporal Noland recorded this interrogation and Defendant also gave a written confession.

Defendant was charged, as a prior and persistent offender, in an amended information with four counts: Count I, class A felony of forcible rape; Count II, class A felony of forcible sodomy; Count III, class C felony of domestic assault in the second degree; and, Count IV, class C felony of felonious restraint. A bench trial was held and Defendant was found guilty of Counts I through III and guilty of the lesser included offense of false imprisonment under Count IV. He was sentenced to ninety-nine years on Count I, thirty years on Count II, seven years on Count III, and one year on Count IV, with Counts I and II running consecutive, Count III running concurrent with Counts I and II, and Count IV running concurrent with Count III. Defendant now appeals.

■ In his sole point on appeal, Defendant contends the trial court erred in admitting Victim's written statement because Victim had already testified about the matters contained in the written statement. Therefore, admitting the statement as evidence improperly bolstered and added undue weight to her testimony by effectively allowing her to testify twice.

A trial court has broad discretion in deciding whether to admit or exclude evidence at trial. *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). The trial court's decision will be reversed only if it has clearly abused this discretion. *Id.* An abuse of discretion occurs when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. *Id.* In addition, on appeal, we review for prejudice, not mere error, and will reverse only if we find prejudice. *Id.*

Therefore, in order for Defendant to succeed in challenging a trial court's admission of evidence he needs to show 1) the trial court abused its discretion in admitting the evidence, and 2) prejudice. Because we do not find prejudice in admitting Victim's written statement, we decline to discuss whether the trial court erred in admitting it. ·

In matters involving the admission of evidence, we "will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. Hayes*, 113 S.W.3d 222, 226 (Mo.App. E.D.2003). In general, the issue is whether the evidence was "outcome determinative," that is whether the erroneously admitted evidence so influenced the decision maker that, when considered with and balanced against all the evidence properly admitted, there is a reasonable probability that the decision maker would have reached a different conclusion but for the erroneously admitted evidence. *State v. Driscoll*, 55 S.W.3d 350, 356 (Mo. banc 2001).

We are not convinced that the admission of Victim's written statement was outcome

determinative and therefore prejudicial. Even if the written statement had not been admitted, there was other evidence from which the court would have found Defendant guilty. Specifically, in Defendant's audio taped confession he admits to performing the acts that Victim's written statement and testimony attested to.

He said he saw Victim naked in the bathroom and later he grabbed her, put his hand over her mouth and "put her in a choke hold." He admitted he put his hand up Victim's shirt, groped her breasts, had Victim take her clothes off, took his clothes off, laid next to Victim, started touching her, and told her "she was going to lose her virginity." He said he touched Victim "on her breasts and her vagina," and "left a hickie on her breast." The confession revealed that he "had her touch" his penis and made her perform oral sex on him for "ten or [fifteen] minutes." Defendant stated that he "had [his] penis in her vagina" and ejaculated "on her stomach." The "full ordeal [lasted a] half hour or [forty-five] minutes, from start [to finish]."

During his confession Defendant also stated that he wrote a letter to Donna stating, "Dear Donna, ... I violated [Victim]" and gave this letter to Victim. He further admitted that he got a "bunch of ties, tied [Victim's] wrist and then ... took it and took another tie and tied those, you know, attached those ties to the bed post and ... another one to the bed post," and put duct tape over her mouth.

▮ This audio taped confession was admitted at trial and is not challenged in this appeal. It proves Defendant's guilt regardless of whether Victim's written statement improperly bolstered her in court testimony. "Generally, prejudice does not exist when the objectionable evidence is merely cumulative of other evidence that was admitted without objection and that sufficiently establishes essentially the same facts." *State v. Smith*, 185 S.W.3d 747, 757 (Mo.App. S.D.2006) (internal citations and quotations omitted).

▮ Further, Defendant waived his right to a jury trial and instead chose to have a bench trial. It is presumed in a bench trial that the trial judge was not confused or misled by any allegedly irrelevant or inadmissible evidence unless the record clearly demonstrates that the trial court considered and relied upon the inadmissible evidence. *State v. Blakey*, 203 S.W.3d 806, 815 (Mo.App. S.D.2006); *State v. Thornhill*, 770 S.W.2d 701, 704 (Mo.App. E.D.1989). The record in this case does not clearly demonstrate that the trial court considered and relied upon Victim's written statement.

Because this was a bench-tried case and Victim's written statement was merely cumulative to Defendant's audio tape confession, we hold that its admission was not outcome determinative. As such, Defendant did not suffer any prejudice in it being admitted.

The trial court did not abuse its discretion in admitting Victim's written statement. The judgment is affirmed.

BATES, C.J., and BARNEY, J., concur.