**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gregory E. STEVENSON, Defendant–Appellant.**

No. 28377.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 2007.

Motion for Rehearing or Transfer Denied Nov. 15, 2007.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Jefferson City, MO, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

On September 28, 2004, in a court tried case, Gregory Stevenson ("Appellant") was found guilty of possession of a controlled substance, a class C felony, under section 195.202.[1] After his conviction, Appellant was released on bond, over the objection of the State, until his sentencing hearing which was scheduled for November 29, 2004. Appellant failed to appear for sentencing and a capias warrant was issued. More than two years later, Appellant was apprehended and, on February 23, 2007, was sentenced, as a prior and persistent drug offender, to ten years in prison. Appellant now appeals that conviction and in his point on appeal asserts that the trial court erred in overruling Appellant's motion to suppress cocaine seized during his arrest. The State requests that this Court dismiss the appeal based on the "escape rule." We grant the State's request and dismiss the appeal.

The escape rule denies the right of appeal to defendants who escape justice. *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The relevant inquiry is whether the escape adversely affects the criminal justice system, with the decision resting in the sound discretion of this Court. *State v. Surritte*, 35 S.W.3d 873, 874 (Mo.App. W.D.2001); *Troupe*, 891 S.W.2d at 811. The "escape rule" has been justified on many grounds, including: (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's absence; (3) preventing prejudice to the State in the event of a remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5)

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *State v. Brown*, 974 S.W.2d 630, 632 (Mo.App. S.D.1998). An escape prior to sentencing burdens the criminal justice system because it raises the possibility of confrontation with the jailer, delays the defendant's sentencing, and causes the expenditure of public funds to bring the defendant under the control of the court. *Id.* at 631.

In this case, Appellant's sentencing was postponed more than two years because of his escape and adversely affected the criminal justice system, just as many other similar and lesser delays have also been held to adversely affect the criminal justice system and provide a sufficient basis for applying the escape rule. *See Troupe*, 891 S.W.2d at 811 (holding that a re-sentencing delay of more than eight months was sufficient for dismissal of appeal); *State v. Sprester*, 26 S.W.3d 603, 605 (Mo.App. S.D.2000) (finding that a five and one-half month delay caused adverse effect); *Fogle v. State*, 99 S.W.3d 63, 65 (Mo.App. E.D.2003) (finding the escape rule applied where defendant's failure to appear resulted in a seven-week delay and necessitated the filing of a capias warrant); *State v. Hickerson*, 66 S.W.3d 787, 789 (Mo.App. S.D.2002) (holding that an eleven-month delay was a sufficient basis for applying the escape rule).

Those who seek the protection of this legal system must be willing to abide by its rules and decisions. *State v. Wright*, 763 S.W.2d 167, 168–69 (Mo.App. W.D.1988). By absconding, we find that Appellant has forfeited his right to appeal. The State's motion to dismiss is sustained and the appeal is dismissed.[2]

BARNEY, P.J., CRAWFORD, SR. J., concur.

---

2. Prior to entering this opinion, but subsequent to the filing of the reply brief, the court received "Suggestions Why Escape Rule Should Not Apply." The suggestions, which contain uncertified documents, do not set forth proper documentation to substantiate Appellant's claim that he was continually incarcerated from four hours after he failed to appear for his sentencing hearing through the date of his actual sentencing.