George D. ELLIOTT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 29115.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 14, 2009.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

George D. Elliott ("Movant") appeals from the denial of his Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence under Rule 29.15.[1] We find no error and affirm.

Movant was convicted of forcible rape, forcible sodomy, domestic assault in the second degree, and false imprisonment. On direct appeal, this Court affirmed Movant's convictions and sentences. *State v. Elliott,* 271 S.W.3d 604 (Mo.App. S.D. 2007). Movant filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judg-

---

1. All rule references are to Missouri Court Rules (2008), unless otherwise specified.

ment or Sentence pursuant to Rule 29.15; his appointed counsel filed an amended motion. After an evidentiary hearing, the motion court issued its Judgment and Order, which included findings of fact and conclusions of law, and denied Movant's request for post-conviction relief. This appeal followed. Movant's only point on appeal alleges that the motion court erred in denying his motion because trial counsel was ineffective in failing to object to the hearsay statement of the victim, as relayed through her mother ("Mother"), that Movant had violated and raped her.

There is no need to recite the details of Movant's reprehensible behavior toward his step-daughter ("Victim"). What is significant is that after he committed the crimes for which he was convicted, Movant typed a note to Mother that said he had violated Victim. He told Victim to give the note to Mother. He also gave, after his arrest, a taped confession in which he admitted to choking, raping, sodomizing, and restraining Victim; the taped confession was played at trial. After the taped confession, Movant made a written confession, which was also admitted into evidence at trial. The trial court convicted Movant of forcible rape, forcible sodomy, domestic assault in the second degree, and false imprisonment.

Movant now complains about the testimony of Mother concerning the events immediately after the crimes. Mother testified at trial that when she arrived home, Victim came out of the house and said, "It's George! It's George!" She testified that Victim told her that there was a note on the computer. She further testified that Victim told her "He violated me! He raped me!"

■ On review of the lower court's ruling on a Rule 29.15 motion, we must affirm the ruling unless the findings of fact and conclusions of law reached by the lower court are clearly erroneous. *State v. Link*, 25 S.W.3d 136, 148 (Mo. banc 2000). For a claim of ineffective assistance of counsel to prevail, Movant must (1) show that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances and (2) establish prejudice by showing a reasonable probability that but for counsel's errors, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by Movant as a result of the alleged deficiencies. *Id.* at 697, 104 S.Ct. 2052.

■ We, therefore, shall not address whether Mother's testimony was hearsay or whether counsel committed error by not objecting to it because there is not a reasonable probability that, but for the alleged hearsay statement, Movant would have been acquitted. Regardless of whether Victim's statement to Mother that Movant violated and raped her was hearsay, there was no prejudice because Victim testified that Movant raped her and she was cross-examined. "Prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination." *State v. Hamilton*, 892 S.W.2d 371, 378 (Mo.App. E.D.1995).

■ Moreover, we find no prejudice because the alleged hearsay statement was cumulative of properly-admitted evidence. *State v. Nettles*, 216 S.W.3d 162, 164 (Mo. App. S.D.2006). Improperly-admitted evidence is not prejudicial when other evidence before the court establishes essentially the same facts. *Id.* In addition to Victim's testimony, there was evidence of

Movant's multiple statements regarding his guilt. His note to Mother, his taped confession, and his written confession were all admitted at trial. Because the court had before it Movant's confessions and Victim's testimony of the event, the prejudice prong of *Strickland* is not satisfied. Movant's point on appeal is denied.

PARRISH, J., BURRELL, P.J., concur.