**Amanda Sue WALLACE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**Nos. SD 29326, SD 29327.**

Missouri Court of Appeals, Southern District, Division Two.

June 10, 2009.

---

Nancy A. McKerrow, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Amanda Sue Wallace ("Movant") appeals orders dismissing her amended Rule 24.035[1] motions for post-conviction relief without an evidentiary hearing based on an application of the "escape rule." Because Movant's thirteen-month flight from justice adversely affected the criminal justice system, we dismiss her appeals.

## I. Factual and Procedural Background

Movant pled guilty to three of four criminal charges brought against her in three separate cases. Those charges consisted of two counts of the class C felony of possession of a controlled substance (see sections 195.202, 558.011(1)(3), & 560.011) (# 29326); the class B felony of sale of a controlled substance (see sections 195.211 & 558.011.1(2)) (# 29327); and the class D felony of escape from custody (see section 575.200(1)(2)).[2] On October 11, 2006, pursuant to an oral plea agreement that was accepted by the trial court, Movant pled guilty to the distribution and escape charges and to one of the two possession counts. In exchange for her pleas of guilty, the remaining possession charge and other charges pending against her in yet two additional criminal cases were dismissed.

The plea agreement as to sentencing was that Movant would receive a sentence of seven years on the possession conviction, eight years on the distribution conviction, and four years on the escape conviction. It was also agreed that while the court would execute the sentences, Movant would be furloughed from the jail and allowed to self-report on the date the court had set for her to be transported to the Department of Corrections. Whether these sentences were to run concurrently or consecutively was dependent upon whether Movant complied with the court's order to appear as directed. To accomplish this, the judgment and sentence entered by the trial court ran the sentences consecutively, but the agreement was that it would be amended when Movant appeared as directed to run the terms concurrently.

After pronouncing its sentence, the trial court ordered Movant's release from custody, gave her the date on which she was to return for transport, and stated: "Now, [Movant], whatever you do, please don't fail to surrender. Be careful between now and then. All right [sic]?" When Movant responded with "[o]kay," the court informed her of her post-conviction rights and Movant replied "[y]es, sir" when asked if she had been satisfied with her legal representation.

When the date for Movant's transport arrived, Movant did not appear as ordered. As a result, a warrant for her arrest was issued, and no amendment of her sentence was made.[3]

Thirteen months and two weeks later, Movant was arrested in Arkansas and was thereafter delivered to the Missouri De-

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2008) and all references to statutes are to RSMo 2000.

2. This separate case was not the subject of either of the post-conviction motions at issue here.

3. We should point out that Special Rule 2(b) requires that the legal file on appeal begin with the entire set of docket sheets for the case(s) at issue. The legal file provided by Movant impermissibly places the docket sheets out of chronological order and places them in different parts of the record.

partment of Corrections, from where she "timely" filed her *pro se* motion for post-conviction relief.[4] After granting Movant's requests that she be appointed counsel and be allowed to proceed *in forma pauperis,* an amended motion was timely filed, the trial judge who had taken Movant's guilty plea recused from the case, and Special Judge McGhee was appointed to handle the post-conviction proceedings. Thereafter, Judge McGhee entered his order dismissing Movant's amended motion with prejudice pursuant to the escape rule.[5] Movant now appeals that dismissal.

## II. Analysis

■ "The 'escape rule' generally denies the right of appeal to a defendant who attempts to escape justice by absconding." *Echols v. State,* 168 S.W.3d 448, 451 (Mo. App. W.D.2005) (citing *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995)). The rule may be applied to both direct appeals and requests for post-conviction relief. *Id.* (citations omitted). Whether to apply the escape rule "is left to the sound discretion of the appellate tribunal." *Troupe,* 891 S.W.2d at 811. Application of the escape rule to dismiss an appeal does not implicate a defendant's constitutional rights "because neither a right to appeal a conviction nor a right to a state post-conviction proceeding exists." *Echols,* 168 S.W.3d at 451 (citing *Randol v. State,* 144 S.W.3d 874, 876 (Mo.App. W.D.2004); *Goeke v. Branch,* 514 U.S. 115, 120, 115 S.Ct. 1275,

131 L.Ed.2d 152 (1995); and *Reuscher v. State,* 887 S.W.2d 588, 590 (Mo. banc 1994)).

■ "In post-conviction cases, the escape rule has been invoked both to dismiss appeals where the motion court reached the merits of the movant's claim and to affirm the motion court's dismissal of a motion based on its own application of the rule." *Echols,* 168 S.W.3d at 451 (citation omitted). Post-conviction relief may be denied to an individual who violates his conditions of release pending a judicial proceeding and absconds. *Randol,* 144 S.W.3d at 876 (citing *Troupe,* 891 S.W.2d at 809). "A willful failure to appear for sentencing can properly invoke the escape rule." *Nichols v. State,* 131 S.W.3d 863, 865 (Mo.App. E.D.2004) (citing *Hinton v. State,* 987 S.W.2d 351, 351 (Mo.App. E.D. 1998) (per curiam) and *State v. Bailey,* 848 S.W.2d 611, 612 (Mo.App. E.D.1993)). If the escape at issue "adversely affects the criminal justice system," the appeal is appropriately dismissed. *Troupe,* 891 S.W.2d at 811.

■ Here, Movant violated her conditions of release by failing to report back to court as directed for her re-sentencing and transport to the Department of Corrections. Movant has offered no justification or excuse for her failure to report as directed. Movant's willful absence adversely affected the criminal justice system in at

4. Although Movant expressed no concerns with the quality of her legal representation at the time of her guilty pleas, the substance of her amended motion claims that she received ineffective assistance of counsel because her trial counsel did not attempt to have the court disqualify the prosecutor in her cases on the grounds that the prosecutor "had an interest in her case based on her criminal association with his adopted son" such that her guilty pleas "could" have been coerced.

5. Although no party has raised the issue, it appears from the docket sheet that Judge McGhee issued his order of dismissal with prejudice the day before he was actually appointed to preside over the case. Because we have determined that Movant has forfeited her right to seek any post-conviction relief by failing to appear before the trial court as directed, we do not need to address the question of whether Judge McGhee had the authority necessary to enter his order of dismissal at the time it was apparently entered.

least the following ways: 1) the trial court was forced to issue a *capias* warrant for Movant's arrest; 2) resources of both law enforcement and the courts in Arkansas were expended in arresting and holding a Missouri defendant; 3) a Missouri deputy was required to forego his regular duties and travel to Arkansas to return Movant to Missouri; and 4) Movant's delivery to the Department of Corrections was delayed by over thirteen months.

 Movant's thirteen-month flight from justice flouted the authority of the very courts she now turns to for relief. "Those who seek protection from the legal system in the form of post-conviction relief must be willing to abide by all the rules and decisions of that legal system." *Harvey v. State,* 150 S.W.3d 128, 130 (Mo.App. E.D.2004) (citing *Troupe,* 891 S.W.2d at 810). Movant's appeals are dismissed.

LYNCH, C.J., and RAHMEYER, J., Concur.