**Gregory E. STEVENSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29726.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 2, 2009.

Lisa M. Stroup, St. Louis, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen., Jefferson City, for Respondent.

JAMES R. BICKEL, Special Judge.

Gregory E. Stevenson ("Movant") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant argues his trial counsel was ineffective for requesting a continuance of his case without his written consent. We find no error and affirm.

*Factual and Procedural Background*

While Movant was incarcerated in the Missouri Department of Corrections in 2002, a class C felony charge of possession of a controlled substance was pending against him in Mississippi County. On March 20, 2002, Movant filed a "Demand for Trial" under § 217.450, demanding that the Mississippi County case be tried within 180 days. The Demand for Trial stated that Movant would "not waive this demand for a speedy trial and that no attorney appointed to represent [Movant] will have the right to waive this demand without specific written permission from [Movant]."

A jury trial was set for September 9, 2002, but Movant's counsel moved for a continuance on September 4, 2002, because not all of the State's witnesses had been deposed and because Movant wished for the court to reconsider its ruling denying Movant's "Motion to Suppress Evidence." Movant's counsel did not obtain Movant's written permission to request the continuance. In his motion for continuance, however, Movant's counsel stated that Movant did not object to the request. The court granted the continuance. Thereafter, Movant's counsel filed two "Motion[s] to Have the Court Reconsider Its Previous Ruling" overruling Movant's Motion to Suppress Evidence, which were also denied. Movant's case was continued several times for a variety of reasons, and a bench trial was eventually held on April 14, 2004. The court convicted Movant on September 28, 2004, and scheduled a sentencing hearing for November 29, 2004. Movant failed to appear at the sentencing hearing and a *capias* warrant was issued. After more than two years, Movant was apprehended and on February 23, 2007, was sentenced to ten years in the Department of Corrections.

Movant appealed, and we dismissed based on the "escape rule." *State v. Stevenson*, 246 S.W.3d 484 (Mo.App.2007). Movant filed a *pro se* motion for post-conviction relief. His appointed counsel filed an amended motion, which the motion court denied without an evidentiary hearing. This appeal followed.

*Standard of Review*

On review, we will affirm the lower court's denial of a post-conviction motion unless its findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record firmly and definitely per-

suades us that a mistake has been made. *Gabaree v. State,* 290 S.W.3d 175, 179 (Mo. App.2009) (citing *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000)). A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: (1) the motion alleged facts, not conclusions, which, if true, would warrant relief; (2) the facts alleged raise matters not refuted by the record; and (3) the matters complained of resulted in prejudice. *Id.* (citing *Morrow v. State,* 21 S.W.3d 819, 822–23 (Mo. banc 2000)). To prevail on a claim of ineffective assistance of counsel, Movant must allege facts, not refuted by the record, that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney and that counsel's deficient performance prejudiced Movant. *Id.* (citing *Morrow,* 21 S.W.3d at 823). To establish prejudice, Movant must show a reasonable probability exists that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* (citing *Morrow,* 21 S.W.3d at 823). "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by Movant as a result of the alleged deficiencies." *Elliott v. State,* 272 S.W.3d 924, 926 (Mo.App.2009) (citing *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

### Legal Analysis

Movant alleges in his sole point relied on that the motion court erred in denying his motion without an evidentiary hearing because Movant was denied his right to effective assistance of counsel, in that counsel failed to obtain his "specific written consent before requesting a continuance knowing that [Movant] had requested a final disposition under [ ] § 217.450." Movant contends that counsel's error prejudiced Movant because "had counsel tried to obtain [Movant]'s written permission,"

Movant "would have refused, the court would not have granted the continuance, and the cause would either have been dismissed or tried within one hundred eighty (180) days as [Movant] had requested."

We initially note that the motion court denied Movant's motion upon several grounds, including the "escape rule." Movant alleges throughout the argument portion of his brief that the motion court erred in denying his motion based upon the "escape rule." Movant's point relied on, however, alleges no error in the motion court's application of the "escape rule" in denying his motion. Claims of error that first appear in the argument portion of a brief and are not included in the point relied on are not preserved for review by this Court. *Hutchings ex rel. Hutchings v. Roling,* 193 S.W.3d 334, 346 (Mo.App. 2006) (citing *City of Sullivan v. Truckstop Restaurants,* 142 S.W.3d 181, 193 (Mo. App.2004)). Nevertheless, we exercise our discretion to address Movant's argument and find that the motion court committed no error in denying the motion based on the "escape rule."

When a defendant attempts to escape justice by absconding, an appellate court may apply the escape rule to deny the defendant both his right to a direct appeal and to request post-conviction relief. *Wallace v. State,* 286 S.W.3d 864, 867 (Mo.App.2009) (citing *Echols v. State,* 168 S.W.3d 448, 451 (Mo.App.2005)). The escape rule has been invoked in post-conviction cases "both to dismiss appeals where the motion court reached the merits of the movant's claim and to affirm the motion court's dismissal of a motion based on its own application of the rule." *Id.* (citing *Echols,* 168 S.W.3d at 451). In applying the escape rule, "the relevant inquiry is whether the escape adversely affects the criminal justice system, with the decision

resting in the sound discretion of this Court." *Stevenson,* 246 S.W.3d at 485 (citing *State v. Surritte,* 35 S.W.3d 873, 874 (Mo.App.2001)). "A willful failure to appear for sentencing can properly invoke the escape rule." *Wallace,* 286 S.W.3d at 867 (quoting *Nichols v. State,* 131 S.W.3d 863, 865 (Mo.App.2004)).

 As we have already explained in our opinion dismissing Movant's direct appeal, Movant's escape adversely affected the criminal justice system "just as many other similar and lesser delays have also been held to adversely affect the criminal justice system and provide a sufficient basis for applying the escape rule." *Stevenson,* 246 S.W.3d at 486. For that reason, we apply the escape rule in this proceeding as well and affirm the motion court's judgment dismissing Movant's petition for post-conviction relief without an evidentiary hearing.

Without the need for detailed discussion as to whether counsel was ineffective by not obtaining Movant's written consent before requesting a continuance on September 4, 2002, we affirm the motion court's denial of Movant's motion on the additional ground that Movant has not shown that he was prejudiced by counsel's alleged error. Movant argues that he was prejudiced by counsel's alleged error because Movant would have refused a request by counsel for his written consent to a continuance, which would have resulted in the court denying counsel's request for a continuance and the case being either dismissed or tried within 180 days of Movant's Demand for Trial. Movant's argument fails to appreciate that in order to establish prejudice, he must show a reasonable probability exists that, but for counsel's alleged error, the outcome of the proceeding would have been different, *i.e.,* the case would have been dismissed or he would have been found not guilty at a trial held within the 180 days. *Johnson v. State,* 189 S.W.3d 640, 645 (Mo.App.2006)

Although Movant's motion alleges that his counsel requested a continuance because he had not deposed all of the State's witnesses and thus was not prepared to proceed to trial on September 9, 2002, it does not allege that the State was not prepared to proceed to trial on that day. For that reason, Movant has not met his burden of alleging facts demonstrating a reasonable probability exists that Movant would have been found not guilty at a trial held on September 9, 2002 (within the 180–day deadline) instead of April 14, 2004. Therefore, the motion court's finding that "Movant has failed to show in what way he has been prejudiced by the matters alleged in his motion" was not clearly erroneous. Movant's point is denied.

LYNCH, P.J., and RAHMEYER, J., concur.